# IN THE COURT OF APPEALS OF IOWA

No. 17-0135
Filed July 6, 2017

**REESE R. PETERSEN,**
      Petitioner-Appellant,

**vs.**

**STACIA M. NIELSEN,**
      Respondent-Appellee.

_____

      Appeal from the Iowa District Court for Clinton County, Marlita A. Greve, Judge.

      A father appeals the physical care and visitation provisions of a paternity decree. **AFFIRMED.**

      James D. Bruhn of Farwell & Bruhn, Clinton, for appellant.

      Robert J. McGee of Robert J. McGee, P.C., Clinton, for appellee.

      Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Reese Petersen appeals the physical care and visitation provisions of a paternity decree. We find the district court properly placed physical care of the parties' two children with Stacea Nielsen. We make no adjustments to the visitation schedule. We do not address Reese's claim regarding the no-contact order. We affirm the decision of the district court. We determine Stacea should be awarded $4800 for appellate attorney fees.

### I.     Background Facts & Proceedings

Reese and Stacea previously lived together but never married. They are the parents of two children, L.R.P., born in 2014, and W.R.P., born in 2016.[1] The parties separated prior to the birth of W.R.P. On May 6, 2016, Reese filed a petition to establish paternity of the two children.

The parties initially had a joint physical care arrangement for L.R.P. but this caused the child behavioral problems. On August 9, 2016, the parents entered into a stipulated temporary order placing the children in the physical care of Stacea and granting Reese visitation. The order provided the parents "shall have no personal contact with one another except for exchanging the children."

The paternity hearing was held on October 18, 2016. Reese, who was then thirty years old, was the sole practitioner in a chiropractic clinic. Stacea was twenty-six years old at the time of the hearing and was employed as an occupational therapist. Reese has been diagnosed with depression, anxiety, and obsessive compulsive disorder, and takes medication for his condition. Stacea testified Reese did not function very well when he did not take his medication.

---

[1]   Stacea is also the mother of a child from a previous relationship, who is in her care.

She also testified Reese sometimes exhibited aggressive behavior. There was an incident while Stacea was pregnant with W.R.P., where Reese and Stacea were in a tussle on the floor, Reese would not get off of Stacea's abdomen, and she bit him on the back so he would get up. Stacea obtained a protective order after an incident where Reese pushed Stacea into a corner while she was holding W.R.P. and yelled at her.

After the parties separated, Reese would often go to the children's daycare, which was operated by Stacea's relatives, and sit in the kitchen area. He would cry and discuss his relationship with Stacea, keeping the daycare providers from their jobs watching the children. Eventually, the daycare obtained a restraining order to keep Reese from the premises.

The district court entered an order on December 7, 2016. The court found Stacea's testimony to be more credible than Reece's testimony. The court granted the parties joint legal custody and placed the children in Stacea's physical care. The court found joint physical care would be inappropriate based on the parties' inability to communicate and Reese's history of domestic abuse. The court noted Stacea had been the children's primary caretaker. Reese was granted visitation on alternating weekends, one night during the week, alternating holidays, and two weeks in the summer.[2] He was ordered to pay child support for the children. Reese now appeals the district court's decision.

---

[2] The court determined Reese should not have overnight visitation with W.R.P. until Stacea was no longer breastfeeding the child or until he was one year old, whichever came first. The child is currently more than one year old and so the visitation provisions for both children should now be the same.

## II. Standard of Review

This case was tried in equity and our review is de novo. *See* Iowa R. App. P. 6.907. "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g). "Prior cases are of little precedential value, except to provide framework for analysis, and we must ultimately tailor our decision to the unique facts and circumstances before us." *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995).

## III. Physical Care

**A.** Reese claims the district court should have placed the children in the parties' joint physical care. He states, despite personal conflicts and poor communication between the parents, joint physical care would be in the children's best interests.[3] Reese states he was involved in the care of the children. He points out the parties had a shared care arrangement for a period of time after their separation.

Under Iowa Code section 600B.40 (2016), in paternity actions the court should apply the physical care provisions of section 598.41, as applicable. Joint physical care may be awarded if either parent requests it and it is in the best interests of the children. Iowa Code § 598.41(5)(a). In determining whether a joint physical care arrangement is appropriate, a court considers (1) "approximation"—what has been the historical care giving arrangement for the

---

[3] Reese seeks the abolishment of the factors discussed in *In re Marriage of Hanson*, 733 N.W.2d 683, 697-99 (Iowa 2007), for consideration of joint physical care. We are not at liberty to overturn supreme court precedent. *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011).

child between the two parties; (2) the ability of the spouses to communicate and show mutual respect; (3) the degree of conflict between the parents; and (4) "the degree to which the parents are in general agreement about their approach to daily matters." *In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007) (quoting *Hanson*, 733 N.W.2d at 697-99).

The district court considered the *Hanson* factors and concluded:

> In this case, joint physical care is absolutely out of the question based on all of the facts the court found above. First, these children have been in the primary physical care of Stacea. The court finds it would be detrimental to their well-being to grant shared care now, especially since they have a brother at their mother's home and the youngest child is still nursing. Second, Reese's aggressive and assaultive nature is inappropriate for shared care. He has proven he cannot control his emotions and anger when it comes to issues with Stacea. His testimony and demeanor at trial demonstrated a complete inability to communicate with Stacea and to show her any respect whatsoever. Third, while he may not have harmed the children, he certainly has harmed their mother and did so on at least one occasion while Stacea held the youngest child, an infant, in her arms. His history of domestic abuse is fatal to a successful shared care arrangement. Finally, there was no indication on Reese's part that he felt Stacea was parenting these children appropriately. Rather, he claimed she disciplined them inappropriately and considered herself "queen mom" instead of a loving mother. This type of attitude does not indicate any agreement on daily care giving issues.

We agree with the district court's conclusions. The parties were subject to a no-contact order, which the district court extended to December 1, 2017, based on the incidents of domestic abuse. The evidence showed the parties could not act cooperatively in order to successfully parent the children in a joint physical care arrangement.

**B.**  Reese alternatively asks to have the children placed in his physical care. He claims he would be the better parent to raise the children to healthy

physical, mental, and social maturity. He states he supports the children in their academic endeavors and would encourage a close relationship with extended family members.

The district court determined the children should be placed in Stacea's physical care. The court noted Stacea was the primary caregiver for the children throughout their lives, rather than Reese. The court also found Reese had not acted in the children's best interests when he denigrated Stacea. Furthermore, "[d]omestic abuse is, in every respect, dramatically opposed to a child's best interests." *In re Marriage of Daniels*, 568 N.W.2d 51, 55 (Iowa Ct. App. 1997). We conclude the district court properly placed the children in Stacea's physical care.

## IV.    Visitation

Reese claims the district court should have granted him additional visitation with the children. He asks for visitation from Friday to Monday on alternating weeks, one overnight mid-week on the weeks prior to weekend visitation, and two overnights mid-week on the other weeks. He states this would give him seven overnight visits over a fourteen-day period. Reese also asks for one-half of the children's summer vacation from school.

Reese's request for expanded visitation essentially asks to have the children one-half of the time, which would be a joint physical care arrangement. We have already rejected Reese's request for joint physical care. The district court awarded Reese visitation on alternating weekends, one mid-week overnight

visitation every week, alternating holidays, and two weeks in the summer.  We find no reason in the record to modify this visitation schedule.

### V.    No-Contact Order

Reese claims the district court should not have extended the no-contact order because Stacea did not request an extension and the evidence does not show an extension was necessary.  He does not cite any authority in support of this issue.  "Failure to cite authority in support of an issue may be deemed waiver of that issue."  Iowa R. App. P. 6.903(2)(g)(3).  Therefore, we do not consider this issue.

### VI.    Attorney Fees

Stacea requests attorney fees for this appeal.  Pursuant to section 600B.26, "the court may award the prevailing party reasonable attorney fees."  "An award of appellate attorney fees is within the discretion of the appellate court."  *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005).  We consider the needs of the party making the request, the ability of the other party to pay, and whether the party requesting fees was required to defend the district court's decision.  *Id.*  We find Reese should be required to pay $4800 for Stacea's appellate attorney fees.

We affirm the decision of the district court.

**AFFIRMED.**